[Cite as *State v. Perry*, 2018-Ohio-487.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105501**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MICHAEL D. PERRY, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-606650-A

**BEFORE:** Jones, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 8, 2018

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street, 2nd Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Janna R. Steinruck
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Michael Perry, Jr. ("Perry"), appeals his convictions for possession of drugs and possessing criminal tools. We affirm.

{¶2} In 2016, Perry was charged with two counts of possession of drugs and one count of possessing criminal tools. The matter proceeded to a bench trial.

{¶3} On April 20, 2016, Deontrinise Steele ("Steele") took a break from her job as a home health aide and went to visit her daughter. Steele parked her rented black Jeep Cherokee outside of her daughter's house and left the car running. When she returned 15-20 minutes later, the car was gone. Steele contacted the police.

{¶4} Cleveland police officers Detective Donald Kopchak ("Detective Kopchak") and Sergeant Jared Durichko ("Sergeant Durichko") were on patrol when they saw a black Jeep Cherokee driving erratically and swerving. The officers lost sight of the Cherokee and broadcast a description of the vehicle to other officers. Cleveland police detective Charles Davis ("Detective Davis") observed the vehicle pass him on Rudyard Road. He recognized the driver as Perry, whom he was familiar with from previous encounters. Detective Davis did not recognize Perry's male passenger.

{¶5} Detective Jeffrey Yasenchack ("Detective Yasenchack") saw the Cherokee turn down Nathaniel Road. Moments later, Detective Kopchak and Sergeant Durichko found the abandoned Cherokee on Nathaniel Road. The occupants had left the engine running and the doors open; bystanders directed the police toward where the men had run.

The officers located a prepaid cell phone near where the bystanders told police the two men had jumped a fence.

{¶6} The officers recovered $481 in cash from the vehicle's middle console, .8 grams of what was later identified as heroin and fentanyl from the driver's side floorboard, a receipt from AutoZone for jumper cables, and a set of jumper cables. Steele testified that she did not leave any personal items in the car when she went to visit her daughter, including drugs, money, or a cell phone. She denied ever visiting AutoZone or purchasing jumper cables.

{¶7} Sergeant Durichko and Detective Yasenchack viewed surveillance video from AutoZone and identified the purchaser of the jumper cables as Perry. Perry testified that he had not been driving a Jeep Cherokee on the night in question. He denied purchasing jumper cables at AutoZone and claimed the video showed a taller man who had a different hairstyle.

{¶8} The trial court convicted Perry of all charges and sentenced him to six months at a community based correctional facility with a total of 36 months of community control and 180 days of electronic home monitoring.

{¶9} Perry now appeals and raises four assignments of error for our review.

I. Insufficient evidence supported either the trial court's finding of guilt of possession of drugs, of forfeiture of a phone and money, or that appellant possessed criminal tools.

II. The manifest weight of the evidence did not support appellant's convictions for drug possession or possession of criminal tools.

III. Defense counsel was constitutionally ineffective for failing to object

to video identification of appellant at trial.

IV. The trial court erred in failing to merge drug possession charges as allied offenses of similar import for sentencing.

{¶10} In the first and second assignments of error, Perry contends that his convictions were supported by insufficient evidence and were against the manifest weight of the evidence. Although the terms "sufficiency" and "weight" of the evidence are "quantitatively and qualitatively different," we address these issues together because they are closely related, while applying the distinct standards of review. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶11} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶12} In contrast to sufficiency, "weight of the evidence involves the inclination of the greater amount of credible evidence." *Thompkins* at 387. While "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386-387. The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses to

determine "'whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983).

{¶13} Perry was convicted of possession of drugs and possessing criminal tools. He contends that there was insufficient evidence that he possessed the drugs and that he used the cell phone or money as criminal tools.

{¶14} R.C. 2925.11(A), which prohibits possession of drugs, states that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Possession may be proven by evidence of actual physical possession or constructive possession. *State v. Palmer*, 8th Dist. Cuyahoga No. 58828, 1992 Ohio App. LEXIS 473, 5 (Feb. 6, 1992). Constructive possession may be proven by circumstantial evidence alone, but dominion and control may not be inferred solely from access to the substance through ownership or occupation of the premises upon which the substance is found. *State v. Soto*, 8th Dist. Cuyahoga No. 86390, 2006-Ohio-2319, ¶ 27, citing, in part, R.C. 2925.01(K).

{¶15} In this case, there was no evidence of actual possession, because Perry had fled before the police arrived on scene, so his conviction stands only if there was evidence of constructive possession. We find our decision in *State v. Collins*, 8th Dist. Cuyahoga No. 87248, 2006-Ohio-4375, instructive.

{¶16} In *Collins*, the defendant sat in the passenger seat of a car that rolled through a red traffic light. An officer activated his lights and siren and followed the vehicle

about one block before it pulled into a residential driveway. The driver and Collins exited the vehicle and fled. During an inventory search of the vehicle, officers found crack cocaine placed about six inches under the passenger seat where Collins had sat. A jury found Collins guilty of one count of drug possession. This court upheld the conviction, finding that Collins's flight indicated constructive possession and consciousness that drugs were in the car. This court reasoned that Collins's flight, coupled with the officer's testimony that the placement of the drugs was consistent with where it would be placed had the passenger reached down to put it there, showed sufficient circumstantial evidence of possession of drugs. *Id.* at ¶ 6.

{¶17} In the case at bar, Detective Kopchak recognized Perry as the driver of the Cherokee. Detective Yasenchack saw the Cherokee turn down Nathaniel Road; moments later, Detective Kopchak and Sergeant Durichko found the Cherokee abandoned on the same street. The engine was running and the doors were open, indicating an abrupt departure from the vehicle.

{¶18} Police recovered .8 grams of heroin and fentanyl from where Perry had just been sitting. The drugs had been placed in a torn out and folded page of the vehicle's user manual. Detective Kopchak testified that the pages to the Cherokee's user manual were torn out and that drug traffickers commonly use torn pages from car manuals to hold drugs. Looking at the evidence in a light most favorable to the state, we find sufficient evidence of possession of drugs.

{¶19} Perry also contends that there was insufficient evidence to show that he used

the money and cell phone as criminal tools. R.C. 2923.24(A) provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶20} We disagree with Perry's contention, based on the totality of the circumstances and witness testimony. Detective Davis testified that "drug traffickers commonly have, from my experience, money, cash on hand, and cell phones." Detective Kopchak testified that cell phones and money are considered "tools of the trade" for drug traffickers and the presence of such a large sum of money in the center console of a car is abnormal and suggested drug trafficking. The police recovered the cell phone near the abandoned car and "right where the witnesses said that the two males jumped the fence." Detective Kopchak explained that he went to get a search warrant for the phone, but it was a "burner" phone, which did not have a SIM card and is difficult to trace.

{¶21} We also find that the convictions were supported by the manifest weight of the evidence. Perry insisted he was at his girlfriend's house at the time of the incident and the man in surveillance video was not him because that man was taller and had a different hairstyle. Perry argues that the trial court improperly relied on police testimony placing Perry in the Cherokee. The trial court, however, was in the best position to weigh witnesses' testimony. Based on the evidence in the record, which included the heroin and fentanyl found in close proximity to where Perry had just been sitting, the $481 in the car's middle console, the burner phone located next to the fence Perry jumped over after bailing from the stolen car, we cannot say that the trial court clearly lost its way

in convicting him.

**{¶22}** The first and second assignments of error are overruled.

**{¶23}** In the third assignment of error, Perry argues that he was afforded ineffective assistance of counsel because his attorney did not object to the AutoZone video being admitted into evidence.

**{¶24}** To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151, 2002-Ohio-350, 761 N.E.2d 18.

**{¶25}** From the onset, defense counsel used the AutoZone security video as part of trial strategy by arguing that the video exonerated Perry because the man in the video did not look like Perry. Now Perry claims that his counsel was ineffective for failing to object to the video because its admission allowed the detectives to improperly opine that the man in the video was Perry. We disagree.

**{¶26}** The trial court, as trier of fact in this case, was able to view the surveillance video for itself and determine whether Perry was the man in the video purchasing the jumper cables. *See State v. Littlejohn*, 8th Dist. Cuyahoga No. 101549, 2015-Ohio-875,

¶ 33 (jury was able to view the surveillance video and the defendant in court and determine for itself whether the defendant was one of the men shown in the video stealing from the gas station).

**{¶27}** Finally, we are reminded that in evaluating a claim of ineffective assistance of counsel, there is a strong presumption that counsel's conduct in question fell within a wide range of reasonable professional assistance. *State v. Singleton*, 8th Dist. Cuyahoga No. 98301, 2013-Ohio-1440, ¶ 67. As a result, trial tactics and strategies do not constitute a denial of effective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 48, 402 N.E.2d 1189 (1980), citing *People v. Miller*, 7 Cal.3d 562, 102 Cal. Rptr. 841, 498 P.2d 1089 (1972); *State v. Gooden*, 8th Dist. Cuyahoga No. 88174, 2007-Ohio-2371. Defense counsel, most likely assuming he would not be able to keep the video from being admitted, probably decided his best strategy was to argue from the beginning of trial that the police had the wrong suspect because Perry did not resemble the man in the surveillance video.

**{¶28}** In light of the above, we cannot say that Perry received ineffective assistance of counsel. The third assignment of error is overruled.

**{¶29}** In the fourth assignment of error, Perry claims that the trial court erred by failing to merge his convictions for possession of heroin and possession of fentanyl.

**{¶30}** We review a trial court's determination on merger de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

**{¶31}** Pursuant to R.C. 2941.25, Ohio's multiple-count statute, the imposition of

multiple punishments for the same criminal conduct is prohibited. *State v. Hilliard*, 8th Dist. Cuyahoga No. 102214, 2015-Ohio-3142, ¶ 11.   R.C. 2941.25 states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶32} This court has previously held that the simultaneous possession of two types of drugs constitutes two separate offenses that do not merge as allied offenses of similar import under R.C. 2925.11.   *State v. Santiago*, 8th Dist. Cuyahoga No. 101601, 2015-Ohio-1300, ¶ 12.   In *Santiago*, this court found that   the defendant's simultaneous possession of heroin and cocaine, each recognized as a separate offense under R.C. 2925.11, did not constitute allied offenses of similar import.   *Id.*   This court cited to *State v. Heflin*, 6th Dist. Lucas No. L-11-113, 2012-Ohio-3988, where the defendant kept two different drugs, cocaine and heroin, in a single plastic bag.   The *Heflin* court held that convictions for simultaneous possession of cocaine and heroin are not subject to merger as allied offenses of similar import under R.C. 2941.25 because "'possession of different drug groups constitutes different offenses under R.C. 2925.11'" and the "'possession of either cocaine or heroin will never support a conviction for possession of

the other.'" *Santiago* at ¶ 11, quoting *Heflin* at ¶ 14.

**{¶33}** More recently, in *State v. Woodard*, 12th Dist. Warren No. CA2016-09-084, 2017-Ohio-6941, ¶ 35, the court found that "the possession of heroin or fentanyl will never support a conviction for possession of the other. The fact that the two controlled substances were found in the same baggie is of no consequence." The court reasoned that "[e]ach possession offense required proof as to the specific drug involved and could not be supported by possession of a different controlled substance."[1]

**{¶34}** We agree with the *Woodard* court. Here, the trial court found that Perry knowingly possessed two separate controlled substances and, pursuant to the allied offense framework set forth in R.C. 2941.25, the offenses of possession of heroin and possession of fentanyl do not merge. *See Woodard* at ¶ 35, fn. 2.

**{¶35}** The fourth assignment of error is overruled.

**{¶36}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court

---

[1] The dissent in *Woodard* disagreed and would have merged the convictions because the defendant possessed a single bag of drugs, there was no evidence the defendant knew the bag of drugs contained both heroin and fentanyl, and "[w]ithout the help of science and technology, it is not clear if a person could distinguish that the bag contained both heroin and fentanyl." *Id.* at ¶ 44 (Ringland, J., dissenting).

for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

TIM McCORMACK, P.J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS
IN JUDGMENT ONLY