[Cite as *State v. Lee*, 2018-Ohio-4376.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0009** |
| KYSEAN CORDELL LEE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00504.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047. (For Plaintiff-Appellee).

*Marie Lane,* Ashtabula County Public Defender, Inc., 4817 State Road, Suite 202, Ashtabula, OH 44004 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Kysean Cordell Lee, appeals his sentence, following his guilty plea, to possession of heroin and aggravated possession of drugs (fentanyl). At issue is whether the trial court erred in not merging these offenses for purposes of sentencing. For the reasons that follow, we reverse and remand.

{¶2} On or about May 16, 2016, appellant was found to be in possession of a plastic bag containing a powdery-solid material with a total weight of .566 gram, which tested positive for both heroin and fentanyl.

{¶3} On November 9, 2016, appellant was indicted in a three-count indictment charging him with tampering with evidence, a felony-three; possession of heroin, a schedule I controlled substance, in an amount less than one gram, a felony-five; and aggravated possession of drugs (fentanyl), a schedule II controlled substance, in an amount less than bulk, a felony-five. Appellant pled not guilty.

{¶4} On April 13, 2017, pursuant to a plea bargain, appellant withdrew his previously-entered not guilty plea and pled guilty to possession of heroin and aggravated possession of drugs as charged in the indictment, in exchange for which the state dismissed the tampering-with-evidence charge.

{¶5} On January 9, 2018, the case came on for sentencing. Appellant filed a sentencing memorandum in which he argued the two offenses to which he pled guilty should merge for sentencing purposes. The state filed a brief in opposition. The trial court found the offenses were not allied offenses of similar import and sentenced appellant on both. The court sentenced him to ten months for possession of heroin and ten months for aggravated possession of drugs. The two terms were to be served concurrently to each other and concurrently to appellant's sentence in an unrelated case filed in the Lake County Common Pleas Court, in which he was sentenced to 13 years in prison for aggravated burglary and related offenses. This court recently affirmed appellant's Lake County conviction in *State v. Lee*, 11th Dist. Lake No. 2017-L-148, 2018-Ohio-2252.

2

{¶6} Appellant appeals his sentence and asserts the following for his sole assignment of error:

{¶7} "The trial court erred when failing to merge the counts of possession of heroin and aggravated possession of drugs."

{¶8} Appellant argues the offenses should have merged because both drugs were in the same bag and the lab provided only their combined weight.

{¶9} R.C. 2941.25 reflects the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶11. R.C. 2941.25 provides:

> {¶10} (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment * * * may contain counts for all such offenses, but the defendant may be convicted of only one.

> {¶11} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment * * * may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶12} The Ohio Supreme Court, in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, held that "[u]nder R.C. 2941.25, the [trial] court must determine prior to sentencing whether the offenses were committed by the same conduct." *Johnson* at ¶47.

{¶13} In *Johnson,* the Court held that when determining whether multiple offenses are allied offenses of similar import under R.C. 2941.25, "the conduct of the accused must be considered." *Johnson* at syllabus. Further, in making such determination, "the question is whether it is possible to commit one offense and commit

the other with the same conduct * * *." *Id.* at ¶48. "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id.* at ¶49. "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Id.* at ¶50.

{¶14} More recently, in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Ohio Supreme Court reaffirmed its holding in *Johnson* that in determining the existence of allied offenses, the emphasis is on the defendant's conduct, rather than an abstract comparison of the elements of the subject offenses. *Ruff* at ¶16, 26. However, the Court in *Ruff* stated that the *Johnson* test is "incomplete because R.C. 2941.25(B) provides that when a defendant's conduct constitutes two or more offenses of dissimilar import, the defendant may be convicted of all of the offenses." *Ruff* at ¶16. The Court in *Ruff* held: "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors - the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. Further, "[t]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) * * * if the harm that results from each offense is separate and identifiable." *Ruff* at paragraph two of the syllabus. The Court in *Ruff* explained:

> {¶15} A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If *any* of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance-in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, [or]

4

(3) the offenses were committed with a separate animus or motivation. (Emphasis added). *Ruff* at ¶25.

**{¶16}** Thus, *Ruff* reaffirmed the two elements in the merger analysis in *Johnson* (whether the offenses were committed separately and whether they were committed with a separate animus) and added a third (whether the offenses were of similar import).

**{¶17}** We review the trial court's merger ruling de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶28.

**{¶18}** "The simultaneous possession of different types of controlled substances can constitute multiple offenses under R.C. 2925.11." *State v. Delfino*, 22 Ohio St.3d 270 (1986), syllabus. The Twelfth District, in *State v. Woodard*, 12th Dist. Warren No. CA2016-09-084, 2017-Ohio-6941, recently held:

> **{¶19}** Possession of heroin and aggravated possession of drugs [fentanyl] are two separate offenses pursuant to R.C. 2925.11(C)(6) and (C)(1). Each possession offense required proof as to the specific drug involved and could not be supported by possession of a different controlled substance. * * * The possession of heroin or fentanyl will never support a conviction for possession of the other. *The fact that the two controlled substances were found in the same baggie is of no consequence.* (Emphasis added.) *Id.* at ¶35.

**{¶20}** More recently, the Eighth District, in *State v. Perry*, 8th Dist. Cuyahoga No. 105501, 2018-Ohio-487, agreed with the Twelfth District's decision and reasoning in *Woodard*, and held that, "pursuant to the allied offense framework set forth in R.C. 2941.25, the offenses of possession of heroin and possession of fentanyl do not merge." *Perry* at ¶34.

**{¶21}** Appellant urges this court to follow the dissenting opinion in *Woodard*, *supra*, which would have merged the heroin and fentanyl offenses because the defendant possessed a single bag of drugs; there was no evidence at trial that he knew

the bag contained both drugs; and, without science and technology, it is not clear if a person could tell the bag contained both heroin and fentanyl. *Id.* at ¶44 (Ringland, J., dissenting).

**{¶22}** The dissent in *Woodard* relied on *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, in which the Ohio Supreme Court held: "R.C. 2925.11(C)(4)(b) through (f) penalizes an offender for the amount of cocaine possessed, and the amount of 'cocaine' clearly encompasses the whole compound * * * of cocaine, including fillers that are part of the usable drug." *Gonzales* at ¶9.

**{¶23}** In arriving at its decision in *Gonzales*, the Court relied on R.C. 2925.11(C)(4), the statute describing the cocaine-possession offense, which provides: "If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine." The penalty sections of the statute then set forth increasing degrees of punishment depending on the weight of the cocaine in the offender's possession.

**{¶24}** The *Woodard* dissent maintained that *Gonzales* should apply to heroin and that Woodard's conviction of possession of heroin should merge with his conviction of possession of fentanyl. *Woodard* at ¶49-50 (Ringland, J., dissenting).

**{¶25}** We note that R.C 2925.11(C)(6), the statute describing the heroin-possession offense, is similar to the statute describing the cocaine-possession offense, and provides: "If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of possession of heroin." The statute then sets forth increasing degrees of

punishment depending on the weight of heroin in the offender's possession. Further, R.C. 2925.11(C)(1)(a), the statute describing possession offenses for Schedule II drugs, like fentanyl, is similar to the statutes describing cocaine-possession and heroin-possession offenses.

{¶26} Thus, the amount of heroin or fentanyl encompasses the whole compound of heroin or fentanyl, including fillers that are part of the usable drug. As the dissent in *Woodard* noted, "While *Gonzales* involved the possession of cocaine, there is no reason to believe that the rule [that fillers are part of cocaine] would not similarly apply to the possession of heroin or fentanyl." *Woodard* at ¶49.

{¶27} Here, while the evidence supported appellant's conviction of a possession charge, the charges should have merged for purposes of sentencing. Appellant possessed one bag containing a powdery-solid substance comprised of heroin and fentanyl, but the state did not quantify the amount of each drug contained therein. Applying the rule in *Gonzales*, the filler and adulterants are part of the usable drug. Since the heroin involved here was adulterated with fentanyl or the fentanyl was adulterated with heroin, depending on the state's theory of the case, the weights of both should have been combined in arriving at the weight of the primary drug. The lab evidence showed that appellant possessed .566 gram of a powdery-solid material. According to the indictment, appellant possessed .566 gram of heroin and .566 gram of fentanyl, even though appellant only possessed .566 gram of a powdery-substance. In other words, the trial court's decision allowed for a conviction of possession of heroin with fentanyl considered as an adulterant and a separate conviction for the possession

7

of fentanyl with heroin considered as an adulterant. Such a result violates the Double Jeopardy Clause as it would allow two punishments for the same offense.

{¶28} Further, analyzing this case under *Ruff, supra*, the offenses should have merged. There is no evidence that the two offenses were of different import, i.e., that they caused separate, identifiable harm. Further, there is no evidence the offenses were committed separately or with a separate animus or motivation. The merger doctrine is designed to prevent punishment for the same offense under two different statutes. Thus, appellant should not have been convicted on two charges for what amounts to one criminal act.

{¶29} We therefore hold the trial court erred in not merging the two offenses. On remand, the state shall elect the offense on which appellant will be sentenced and convicted.

{¶30} For the reasons stated in this opinion, it is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with the opinion.


TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

8

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

**{¶31}** I respectfully dissent from the majority's decision to reverse the lower court's determination that the drug offenses in question, Possession of Heroin and Aggravated Possession of Fentanyl, were not allied offenses of similar import. Since it is evident that Lee possessed multiple dangerous substances, both of which cause serious and distinct harms, he was properly convicted and sentenced for each of the two offenses.

**{¶32}** The issue of whether simultaneous possession of multiple drugs requires merger has been addressed by several courts, which have emphasized the separate nature of the offenses. As the allied offenses law makes abundantly clear, merger is not warranted when separate offenses are committed. The result of applying this law is evident in *State v. Woodard*, 12th Dist. Warren No. CA2016-09-084, 2017-Ohio-6941, where the court emphasized that "[t]he possession of heroin or fentanyl will never support a conviction for possession of the other." *Id.* at ¶ 35. In other words, one who possesses heroin has committed an offense different from one who possesses fentanyl. *Also State v. Perry*, 8th Dist. Cuyahoga No. 105501, 2018-Ohio-487, ¶ 32 (noting statutory differences in charges for separate drug offenses).

**{¶33}** The foregoing legal principle has been applied in the same circumstances as are present here, where both illegal substances were in the same baggie. *Woodward* at ¶ 35 ("[t]he fact that the two controlled substances were found in the same baggie is of no consequence"). Since possessing heroin and possessing fentanyl are separate crimes, their location does not alter the allied offenses analysis.

9

**{¶34}** It is also worth noting that fentanyl and heroin pose separate harms, in that they have different impacts and present varied dangers to society. In fact, fentanyl, which is a synthetic opioid, is 50 times more potent than heroin.[1] While heroin is unquestionably deadly, fentanyl is ten times more deadly.[2] Those in possession of fentanyl will achieve a different result from using this drug than those who possess heroin. Those in possession of two drugs with two purposes should not be convicted and sentenced for only one crime. The majority's decision to the contrary will contribute to the growing body count of drug addicts killed by fentanyl.

**{¶35}** The main contrary argument advanced by the majority is that *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, requires merger. *Gonzales* held that fillers used in cocaine should be used to determine the total weight of the drugs in a defendant's possession and the level of the offense to be charged. The majority believes this stands for the general proposition that when drugs are part of a mixture, they should be considered as one total drug for the purposes of merger.

**{¶36}** There are several key flaws in this argument. First, *Gonzales* was not addressing the issue of allied offenses when determining what constitutes "cocaine." Rather, it was interpreting the statute to determine whether fillers are a part of the drug referred to in R.C. 2925.11(C)(4) as cocaine, as this argument was frequently raised by those in possession of drugs to lessen the weight of the drug and decrease the overall

---

1. U.S. Centers for Disease Control, https://www.cdc.gov/drugoverdose/data/fentanyl.html (accessed October 16, 2018). U.S. Immigration and Customs Enforcement (ICE) has also recognized the serious danger posed by fentanyl, to law enforcement officers and first responders given its potency. U.S. Immigration and Customs Enforcement, *Combatting the Opioid Crisis*, https://www.ice.gov/features/opioid-crisis (accessed October 16, 2018).

2. *See* New York State Office of Alcoholism and Substance Abuse Services, https://www.oasas.ny.gov/CombatAddiction/Fentanyl.cfm (accessed October 16, 2018) ("three milligrams of fentanyl can be fatal, compared to 30 milligrams of heroin").

level of their charges. Thus, the statute was interpreted in light of those circumstances, not to decide an allied offenses issue.

{¶37} Moreover, what was evident when interpreting the pertinent statute in *Gonzales* is that fillers are commonly used in cutting cocaine, leading the court to the conclusion that the legislature intended its penalties to be consistent with common drug-use habits. In fact, the Supreme Court included an extensive discussion of fillers specifically in relation to cocaine, without addressing any other type of drug such as heroin or fentanyl. *See Gonzales* at ¶ 11. In the case of fentanyl, a highly potent drug, it is likely that it is not used as a mere filler to create a larger quantity of drugs, which was an issue in consideration in the *Gonzales* case.

{¶38} It is a far stretch to use the Supreme Court's precedent on an unrelated issue of purity of cocaine for charging purposes, where one illegal drug and one non-illegal substance are combined, to determine whether the possession of two illegal substances should constitute two separate offenses for the purposes of applying the allied offense laws.

{¶39} For the foregoing reasons, the offenses arising from the Possession of Heroin and Aggravated Possession of Fentanyl should not merge and, thus, the lower court's judgment should be affirmed. I respectfully dissent.