[Cite as *State v. Sheffey*, 2020-Ohio-3561.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0022** |
| JERMAINE CURTIS SHEFFEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CR 00495.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, Ohio 44047-1092 (For Plaintiff-Appellee).

*Eric J. Cherry*, The Law Offices of Eric J. Cherry, 33977 Chardon Road, Willoughby Hills, Ohio 44094 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Jermaine Curtis Sheffey, appeals his sentence arguing plain error for failure to merge two of the counts. We affirm.

{¶2} In February of 2018, Sheffey was charged with thirteen felony drug counts. Following discovery, Sheffey pleaded guilty to three counts in exchange for the state dismissing the remaining counts. The parties recommended a three-year prison sentence consisting of three consecutive twelve-month terms. The court accepted Sheffey's guilty

plea and found him guilty of count one, aggravated drug trafficking in U-47700, count four, aggravating trafficking in carfentanil, both fourth-degree felonies in violation of R.C. 2925.03(A)(2)(C)(1)(a), and count five, trafficking in heroin, a fifth-degree felony in violation of R.C. 2925.03(A)(2)(C)(1)(a), and dismissed the remaining charges. The trial court also imposed the jointly recommended sentence of twelve months on each count to be served consecutively for a total of three years in prison.

{¶3} His sole assigned error contends:

{¶4} "The trial court erred as a matter of law by adopting a written plea agreement that was not authorized by law."

{¶5} Sheffey argues the trial court has an independent, mandatory duty to examine a plea agreement and determine whether any of the pled-to offenses are allied offenses of similar import subject to merger before sentencing.

{¶6} "An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3.

{¶7} Thus, as in *Rogers,* Sheffey must demonstrate plain error and that a reasonable probability exists that his convictions are allied offenses of similar import subject to merger. *Id.* at ¶ 29.

{¶8} "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden of proof to demonstrate plain error on the record, * * * and must show 'an error, *i.e.,* a deviation from a legal rule' that constitutes 'an "obvious" defect in the trial proceedings,' *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). However, even if the error is obvious, it must have affected substantial rights, and '[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.' *Id.* The accused is therefore required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims. *United States v. Dominguez Benitez,* 542 U.S. 74, 81-83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (construing Fed.R.Crim.P. 52(b), the federal analog to Crim.R. 52(B), and also noting that the burden of proving entitlement to relief for plain error 'should not be too easy').

{¶9} "But even if an accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have 'admonish[ed] courts to notice plain error "with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice."' (Emphasis added.) *Barnes* at 27, 759 N.E.2d 1240, quoting *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus." *Id.* at ¶ 22-23.

{¶10} Here, Sheffey argues that counts one and four merge since both convictions "most likely" arose from a single compound containing both carfentanil and U-47700. Counts one and four in the indictment each identifies the illegal drug of abuse as weighing 0.55 grams. As he alleges, counts one and four charge Sheffey with aggravated trafficking in drugs alleging Sheffey knowingly prepared for shipment, transport, or distribution a compound, mixture or substance "included in Schedule I or II, in an amount less than the bulk amount, to-wit: 0.55 gram * * *." Count one identifies the substance or drug as "0.55 gram of U-47700, a drug included in Schedule II," and count four identifies the substance as "0.55 gram of Carfentanil, a drug included in Schedule II * * *." In arguing for reversal and remand for merger of these two offenses, Sheffey relies heavily on our decision in *State v. Lee*, 2018-Ohio-4376, 121 N.E.3d 737, holding merger is required when multiple counts arise from one compound containing multiple different illegal substances. However, in *State v. Pendleton*, 2nd Dist. Clark No. 2017-CA-17, 2018-Ohio-3199, ¶ 29, *appeal allowed*, 154 Ohio St.3d 1443, 2018-Ohio-4962, 113 N.E.3d 551, the Second District held the contrary, i.e., that merger is not required and that a single compound containing different illegal drugs can support more than one conviction.

{¶11} Sheffey argues his convictions for counts one and four stem from a single compound containing both carfentanil and U-47700. However, that is but one possibility. It may be that the counts are supported by two separate compounds both weighing .55 grams and one consisting of all or part carfentanil and the other all or part U-47700. "It is fundamental that the appellant bears the burden of affirmatively demonstrating error on appeal." *Wray v. Parsson*, 101 Ohio App.3d 514, 518, 655 N.E.2d 1365 (9th Dist.1995),

4

citing *Pennant Moldings, Inc. v. C & J Trucking Co.*, 11 Ohio App.3d 248, 251, 464 N.E.2d 175 (1983). Sheffey has failed to establish the factual predicate for *Lee* to apply.

{¶12} There is no obvious defect in the trial court's proceedings, and we do not find plain error. Sheffey's sole assigned error is overruled, and the trial court's decision is affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.