[Cite as *State v. Hersey*, 2022-Ohio-4058.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-P-0022 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| BRADLEY D. HERSEY, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00323 |

# **O P I N I O N**

Decided: November 14, 2022
Judgment: Reversed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Russell A. Buzzelli*, Buzzelli Law Office, P.O. Box 84, Wadsworth, OH 44282 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Bradley D. Hersey, appeals from the judgment of the Portage County Court of Common Pleas, sentencing him for Attempted Aggravated Assault and Sexual Imposition.  For the following reasons, we reverse the judgment of the lower court and remand for further proceedings consistent with this opinion.

{¶2}    On April 8, 2021, Hersey was indicted for Sexual Battery and Gross Sexual Imposition.  A November 8, 2021 Amended Indictment amended the first count to Attempted Sexual Battery and added one count of Attempted Rape.

{¶3}    Hersey subsequently entered a plea of guilty to amended counts of

Attempted Aggravated Assault, in violation of R.C. 2903.12 and 2923.02, a felony of the fifth degree, and Sexual Imposition, in violation of R.C. 2907.06, a misdemeanor of the third degree. The "Plea Negotiations/Agreement" section of the written plea included a notation that the "criminal conduct is a single scheme" and the parties stipulated to this at the plea hearing. The court issued an entry on the same date accepting the plea and finding that "these offenses are a single scheme act."

{¶4} A sentencing hearing was held on March 4, 2022. At the beginning of the hearing, the court declared Hersey a Tier I Sex Offender and described the duties associated with that classification. The State then described the acts relating to the convictions, which included sexual abuse of his best friend's wife. The State requested a term of incarceration. The court ordered him to serve a term of 60 days in jail, 12 months of intensive supervised probation, and 36 months of basic probation. The sentence was memorialized in an Order and Journal Entry.

{¶5} Hersey timely appeals and raises the following assignment of error:

{¶6} "The Trial Court committed plain error in sentencing Appellant on a fifth degree felony to wit: attempted aggravated assault, and also a misdemeanor sexual imposition despite the Trial Court having found a single animus for both offenses."

{¶7} Hersey argues that the trial court erred by sentencing him for both offenses when the two were intended to merge at sentencing given the finding that they were committed with a single animus. The State concedes that the assigned error has merit, that the offenses were allied, and the court erred by sentencing him for both offenses and not allowing the State to elect the offense on which to proceed.

{¶8} Hersey did not object to his sentence below. "An accused's failure to raise

2

the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Sheffey*, 11th Dist. Ashtabula No. 2019-A-0022, 2020-Ohio-3561, ¶ 6, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. The defendant has the burden to show "'an error, *i.e.*, a deviation from a legal rule' that constitutes 'an "obvious" defect in the trial proceedings,'" the error "affected substantial rights," and there is a "reasonable *probability* that the error resulted in prejudice." *Rogers* at ¶ 22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶9} R.C. 2941.25(A) provides: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." "[A] defendant whose conduct supports multiple offenses may be convicted of all the offenses if any of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus.

{¶10} When it has been determined that the defendant has been found guilty of allied offenses, the court "cannot impose a separate sentence for each offense. Rather, the court has a mandatory duty to merge the allied offenses by imposing a single sentence." (Citation omitted.) *State v. Figueroa*, 2020-Ohio-1328, 153 N.E.3d 522, ¶ 51 (11th Dist.); *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 17 ("[a] defendant may be indicted and tried for allied offenses of similar import, but may be

3

sentenced on only one of the allied offenses").

{¶11} Here, although the court did not explicitly make a statement that the offenses were "allied offenses," there was agreement and acknowledgement that the offenses were part of a single "scheme" which would indicate they would merge since they were not committed separately or with separate animus. There is also nothing in the record to indicate they were of dissimilar import, i.e., resulted in "separate and identifiable" harm to the victim. *Ruff* at paragraph two of the syllabus. However, at the sentencing hearing, the court failed to recognize that the offenses were meant to merge. It sentenced Hersey to sixty days in jail and community control and notified him that if he violated his community control, he could be subject to a prison term on the felony and jail time for the misdemeanor. It also considered the purposes of felony sentencing, which apply only to the Attempted Aggravated Assault, and ordered a sex offender classification which would relate only to the Sexual Imposition. As to the sex offender classification, it has been held that sex-offender reporting and notification requirements under R.C. 2950 are "punitive in nature because they impose additional criminal punishment on those convicted of sexually oriented offenses." *State v. Lewis*, 5th Dist. Coshocton No. 2019CA0009, 2019-Ohio-4193, ¶ 10, citing *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 23. *See State v. Sipple*, 2021-Ohio-1319, 170 N.E.3d 1273, ¶ 31-32 (1st Dist.) (sex offender classifications must be included in the entry of sentence because they are part of the sanction imposed for the offense). Thus, Hersey received sentences for both crimes which is impermissible for allied offenses.

{¶12} Additionally, as the State observes, the court did not request that it elect the count for which to proceed with sentencing. "When the trial court determines multiple

4

counts merge, * * * the state must make an election on which count it would like the court to proceed with sentencing." (Citation omitted.) *State v. Habeeb-Ullah*, 11th Dist. Portage No. 2019-P-0006, 2019-Ohio-4517, ¶ 36; *Whitfield* at ¶ 20 ("[t]he General Assembly has made clear that it is the state that chooses which of the allied offenses to pursue at sentencing, and it may choose any of the allied offenses"). It has been found to be plain error to fail to direct the prosecutor to elect a single offense for purposes of sentencing and order multiple sentences when the court indicated its intention for the offenses to merge. *State v. Berry*, 6th Dist. Lucas No. L-19-1275, 2021-Ohio-2249, ¶ 28.

{¶13} We reverse and remand "for the trial court to permit the state to elect what count on which it wishes to proceed and conduct a resentencing on *only that count*." *Habeeb-Ullah* at ¶ 45.

{¶14} The sole assignment of error is with merit.

{¶15} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, sentencing Hersey for Attempted Aggravated Assault and Sexual Imposition, is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.


5

Case No. 2022-P-0022