[Cite as *State v. Parker*, 2022-Ohio-1237.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110716 |
| v. | : | |
| ANTHONY PARKER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 14, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650171-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Thomas Rovito and Halie Turigliatti,
Assistant Prosecuting Attorneys, *for appellee*.

Christopher M. Kelley, *for appellant*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} Anthony Parker appeals his convictions for two counts of robbery, felonies of the third degree under R.C. 2911.02(A)(3), both of which stemmed from a single incident in which Parker robbed two victims by using or threatening the

immediate use of force. Parker was sentenced to a one-and-a-half-year term of community-control sanctions for each offense. For the following reasons, we affirm.

{¶ 2} The victims were walking home after shopping at a convenience store on West 28th Street and Detroit Avenue. Their purchases included two 24-ounce cans of Miller High Life. While they were walking home, Parker approached the duo and demanded the return of the beer. Neither victim knew nor had encountered Parker before. The victims told Parker they had purchased the beer, but Parker escalated the situation. As recorded on a nearby security camera, Parker is seen pushing one of the victims to the ground as he and the victim struggled over a shopping bag containing the cans of beer. She reported a minor injury to her finger. When that victim was on the ground, the other victim grabbed her 12-pack of beer and ran to an apartment building. Parker is then seen departing with a bag he wrestled from the victim. He admitted he was intoxicated, having consumed six to eight 24-ounce beers in the two and a half hours preceding the robbery.

{¶ 3} The victims immediately contacted the Cleveland Metropolitan Housing Authority Police Department at their apartment complex, which had an officer nearby. The officer apprehended Parker after he returned to the victims' building. According to the officer's account, Parker was "very incoherent" and appeared intoxicated from alcohol and possibly PCP. The officer had difficulty in speaking with or understanding Parker and had Parker transported to a hospital for evaluation.

{¶ 4} Parker testified in his defense at the bench trial. He claimed that he

met one of the victims on his way back from the convenience store and they began talking. Parker spends his days off from work sitting in the local park near West 25th Street and St. Malachi Church drinking beer. According to Parker, he had just purchased the two 24-ounce cans of Miller High Life when he encountered the victims. He struck up a conversation with one of the victims and asked her to join him. Parker quickly reconsidered that invitation and decided to part ways. The victims then grabbed a bag with the two cans of beer he had just purchased and put the bag into a cart one of the victims was pushing. He claims he then approached the victims as they were pushing the cart away from the scene. Parker grabbed the bag out of the cart, and in the struggle, the victim fell over as she tried to retain the bag.

{¶ 5} According to the trial testimony, the video depicts the victims walking without a cart. After Parker pushed one of the victims to the ground, the victim's friend walked over to assist and she was pushing a cart. The victim's friend was not involved in the altercation between the victims and Parker. Parker had no explanation for the discrepancy.

{¶ 6} Parker was convicted of two counts of robbery, one based on each victim. In this timely appeal, Parker challenges the sufficiency of the evidence and, in the alternative, the weight of the evidence in support of his convictions.

{¶ 7} A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing a

sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. Credibility of the witnesses or evidence is immaterial under the sufficiency analysis; the appellate court must defer to the credibility determinations of the trier of fact and only reviews issues of law.

{¶ 8} A claim that a verdict is against the weight of the evidence involves a separate and distinct test that is much broader than the test for sufficiency. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 193. In contrast to sufficiency of the evidence, "[w]eight of the evidence concerns 'the inclination of the greater amount of credible evidence'* * *." *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Black's Law Dictionary* (6th Ed.1990). While "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386-387. "In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's?" *Id.* The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses to determine "'whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be

reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *Martin* at 175.

{¶ 9} In order to convict Parker of robbery, the state was required to prove that Parker, "in attempting or committing a theft offense or in fleeing immediately after the attempt or offense," used or threatened to use force against another. R.C. 2911.02(A)(3). In both assigned errors, Parker maintains the same argument: that the victims' testimony was incredible based on their self-interest in avoiding criminal charges for their theft of Parker's beer or, in the alternative, that the force Parker used to obtain the beer cans was justified as being incidental to the defense of his own property. If Parker's testimony is deemed incredible, his claim of justifiable force in seeking the return of his property is of no consequence. Since both arguments primarily rely on the credibility of the trial witnesses, Parker's arguments will be addressed under the weight-of-the-evidence standard. *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012-Ohio-4047, ¶ 2; *State v. Kirk*, 8th Dist. Cuyahoga No. 108136, 2019-Ohio-4890, ¶ 30.

{¶ 10} Parker claims his conviction is against the weight of the evidence because the victims' story is unreliable. According to Parker, the video demonstrates that he was the owner of the two cans of beer because one of the victims had purchased a 12-pack. As Parker rhetorically asks, if the victims "already had a 12-pack and/or a case of beer, why would they buy two individual beers?" According to

Parker he always buys cans of beer two at a time, demonstrating that he owned the disputed beer. Further, Parker claims that the state could not produce a receipt proving the victims purchased the items at the convenience store, although he conceded that he did not possess a receipt either. And finally, Parker argues that the victims were motivated to implicate him to avoid prosecution for their theft of his beer.

{¶ 11} Under well-settled Ohio law, "'a conviction is not against the manifest weight of the evidence simply because the [trier of fact] rejected the defendant's version of the facts and believed the testimony presented by the state.'" *State v. Jallah*, 8th Dist. Cuyahoga No. 101773, 2015-Ohio-1950, ¶ 71, quoting *State v. Hall*, 4th Dist. Ross No. 13CA3391, 2014-Ohio-2959, ¶ 28. Although Parker challenges the veracity of the victim's testimony, his own testimony defies credulity — especially in consideration of the fact that Parker essentially claims the trier of fact had to disregard the video recording to accept his version of events. In consideration of the entire record and the limited arguments presented for review, it cannot be concluded that the trier of fact lost its way in finding Parker guilty of robbery accompanied with force. Based on the arguments advanced, this is not the exceptional case warranting appellate intervention, and thus, Parker's challenges against the credibility of the state's case are overruled.

{¶ 12} We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR