[Cite as *Broadview Hts. v. Vukotic*, 2025-Ohio-5855.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF BROADVIEW HEIGHTS,          :

    Plaintiff-Appellee,          :

                                   No. 114923

    v.          :

PETAR VUKOTIC,          :

    Defendant-Appellant.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 31, 2025

Civil Appeal from the Parma Municipal Court
Case No. 24TRD13811

### *Appearances:*

Dean DiPiero, City of Broadview Heights Assistant Prosecutor, *for appellee.*

Petar Vukotic, *pro se.*

LISA B. FORBES, P.J.:

{¶ 1} Petar Vukotic ("Vukotic") appeals his convictions for improper lane usage and distracted driving. After a thorough review of the law and the facts, we affirm.

## I. Facts and Procedural History

### A. Before Trial

{¶ 2} On October 14, 2024, the City of Broadview Heights charged Vukotic with Count 1, improper lane usage, and Count 2, texting while driving, in violation of Broadview Heights Mun.Code 432.08 and 432.43, respectively. Vukotic pled not guilty to both counts.

{¶ 3} The court scheduled a pretrial hearing for November 18, 2024. Vukotic filed a motion to continue the hearing. The court granted this motion, continuing the hearing until December 16, 2024.

{¶ 4} Vukotic filed a "Discovery Motion Request" on November 4, 2024.

{¶ 5} Vukotic filed a motion to dismiss on December 16, 2024. Attached to the motion were several documents that the City had provided him in response to his request for discovery. Also attached were documents regarding the purported impact of this case on his employment. The court denied the motion to dismiss on the record during the December 16, 2024 pretrial hearing.

{¶ 6} Vukotic filed another motion to dismiss on January 6, 2025. That same day, the case proceeded to a bench trial. Before trial, on the record, the court denied Vukotic further discovery and denied his second motion to dismiss. During trial, the City elicited the following testimony.

### B. Trial Testimony

{¶ 7} Officer Nick Kashi ("Ofc. Kashi") testified that he was a patrolman for the Broadview Heights Police Department and was on duty on October 14, 2024.

That day, he observed a car ("the Chevy") exit a post office parking lot and drive to a gas station. He estimated that these locations were a quarter of a mile apart. Driving behind the Chevy, Ofc. Kashi saw that the car's tires were "crossing over the solid line into the . . . lane towards the left" for "almost the whole way" between the post office and gas station.

{¶ 8} Ofc. Kashi followed the Chevy and "got over one lane" to its right. He saw that the Chevy's driver "had his head down" and "was on his phone, texting or doing whatever he was doing." Ofc. Kashi drove into the gas station parking lot and exited his car. He approached the Chevy and spoke to its driver, whom he identified in the courtroom as Vukotic. According to Ofc. Kashi, Vukotic "apologiz[ed] that he was on his phone looking up . . . why the post office was closed that day," which was a federal holiday. Ofc. Kashi then issued Vukotic a citation.

{¶ 9} On cross-examination, Ofc. Kashi stated that he believed the Chevy belonged to Vukotic. He could not remember why he indicated in the citation that Vukotic nearly caused a collision.

## C. Verdict, Sentencing, and this Appeal

{¶ 10} The court found Vukotic guilty of both Counts 1 and 2. The court sentenced Vukotic immediately, imposing a $50 fine for each count, for a total fine of $100.

{¶ 11} Vukotic appealed, raising the following assignments of error:

1. The trial court's failure to grant the Appellant's first motion to dismiss. The trial court erred by siding with the prosecution's inaccurate legal argument and denied the Appellant's first motion to

dismiss solely based on a false legal premise, i.e. that civil procedure rules never apply to criminal cases.

2. The trial court erred by granting a time extension to the prosecution at pre-trial without a stated articulable excuse, good cause or excusable neglect as according to the requirements of Crim.P.R. 16 and Crim.P.R. 45. A continuance was granted even though the prosecution had no intention of complying with the discovery request because it was operating under the false legal premise that civil procedure rules can never apply to criminal cases.

3. The trial court did not issue any appropriate orders or sanctions prescribed by procedural rules to enforce discovery. During pre-trial the discovery deadlines were ignored and during the trial the court outright refused to issue any sanctions for untimely and incomplete discovery.

4. The trial court's failure to adhere to the principle of stare decisis and binding case law precedent deprived the Appellant of due process. Regardless of how many legal precedents were cited by the Appellant, the trial court's overall attitude was that legal precedent did not apply to the Parma Municipal Court in any form or fashion.

5. At trial, the court conceded that discovery was incomplete yet took no measures to enforce disclosure or issues sanctions or court orders.

6. The trial court ignored the fact that the prosecution failed to produce all discovery within the fourteen day deadline as according to Civ.P.R. 6 Div.(C)(1). Discovery deadlines were entirely disregarded by the trial court and the prosecution.

7. The trial court incorrectly denied the Appellant's second motion to dismiss by misinterpreting what evidence qualifies as valid discovery. Civil procedure rules were completely ignored and disregarded as irrelevant.

8. The prosecution's failure to disclose before trial that the Broadview Heights Police Department does not have dashboard cameras installed in their vehicles severely prejudiced the Appellant's case preparation.

9. The trial court failed to compel complete discovery disclosures in a timely manner and thus violated the Appellant's statutory rights.

10. The trial court failed to issue any sanctions for repeated violations and non-compliance of discovery and thus violated the Appellant's rights and denied the Appellant a fair trial.

11. The trial court's reliance on a misinterpretation of procedural law and prejudicial conduct rendered the trial fundamentally unfair.

12. The trial court denied the Appellant's second motion to dismiss without sound legal justification.

13. Despite Appellant's duly noted objections to the proceedings and the witness testimony, the trial court allowed the officer to testify and the trial to proceed.

14. The trial court's outright refusal to preclude the officer's witness testimony in direct defiance of Criminal Procedural Rule 16(K) was a violation of procedure and due process. No witness testimony summary was provided to the Appellant that coincided with what the officer testified to during the trial.

15. The trial court erred by finding the Appellant guilty on both counts. Although Appellant's objections to the proceedings were duly noted by the trial court, all laws cited, motions and exhibits filed and every argument made by the Appellant was dismissed as irrelevant.

## II. Law and Analysis

{¶ 12} For ease of analysis, we address Vukotic's assignments of error together and out of order.

### A. Assignments of Error Nos. 3, 4, 5, 6, 8, 9, 10, and 11 — The Trial Court did not err in its Handling of Vukotic's Discovery Requests

{¶ 13} Vukotic asserts that the court erred when it failed to compel the City to provide documents in response to his discovery requests.[1] We disagree.

---

[1] Assignments of error Nos. 3, 5, 6, 8, 9, and 10 explicitly address discovery issues. Vukotic's arguments supporting assignments of error Nos. 4 and 11 also implicate the trial court's treatment of his discovery requests.

{¶ 14} Crim.R. 16(B) addresses the prosecution's obligation to provide information upon a criminal defendant's request for discovery. Crim.R. 16(B)(1)-(7) list various types of documents that a prosecuting attorney is required to provide or make available to the defense. The purpose of these disclosures is "'to provide the parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system, the rights of defendants, and the well-being of witnesses, victims, and society at large.'" *S. Euclid v. Fayne*, 2015-Ohio-1378, ¶ 9 (8th Dist.), quoting Crim.R. 16(A). The documents that Vukotic seeks, discussed in more detail below, implicate only the requirement that the City provide "[a]ny evidence favorable to the defendant and material to guilt or punishment." Crim.R. 16(B)(5).

{¶ 15} Further, we note that Crim.R. 16(B)(5) incorporates language from *Brady v. Maryland*, 373 U.S. 83 (1963), which established that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is *material either to guilt or to punishment*." (Emphasis added.)[2] *Brady* at 87. Applying this language, we have found that the prosecution was not required to disclose information that was "publicly available," including that which could be obtained through an internet-based search. *State v. McGuire*, 2018-Ohio-1390, ¶ 24 (8th Dist.). Courts require defendants "to substantiate claims that the evidence in question was favorable and material." *Id*. at ¶ 28.

---

[2] Crim.R. 16(B) imposes on the prosecution additional discovery requirements that go beyond the holding in *Brady* but that do not apply to this case.

{¶ 16} Before trial, on the record, the court addressed each of Vukotic's discovery requests. The City represented that ten of Vukotic's discovery requests sought information that did not exist. On these requests, we find no error in the court's decision not to grant Vukotic's motion to compel. *See State v. Linden*, 2017-Ohio-4439, ¶ 10 (8th Dist.) ("Crim.R. 16(B) does not impose a duty upon the state to produce evidence that does not exist."). Vukotic conceded that the City adequately answered an additional three of his requests. In all, the City acknowledged that two of Vukotic's discovery requests concerned existing information that it had not provided — records of Ofc. Kashi's training and prior traffic citations that Ofc. Kashi had issued. After a hearing on these two requests, the trial court denied Vukotic's motion to compel.

{¶ 17} We review the court's ruling on Vukotic's discovery motions for an abuse of discretion. *See State v. Counts*, 2022-Ohio-3666, ¶ 17 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Abdullah v. Johnson*, 2021-Ohio-3304, ¶ 35. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *W.A.F.P., Inc. v. Sky Fuel Inc.*, 2024-Ohio-3297, ¶ 13 (8th Dist.), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 18} We find that the court did not abuse its discretion in declining to compel the City to provide Ofc. Kashi's training records. Nothing before us substantiates Vukotic's claim that the information in these records would be

material to this case or favorable to the defense, under Crim.R. 16(B)(5). Vukotic introduced no evidence and did not cross-examine Ofc. Kashi on his training. He raised no arguments about what information Ofc. Kashi's training records may contain. And as in *McGuire*, Ofc. Kashi's training records can be found using an internet-search engine.[3]

{¶ 19} We also find nothing in the record that substantiates Vukotic's claim that the information contained in Ofc. Kashi's other citations is material to this case or favorable to the defense. Nothing before us indicates that these citations would provide insight as to Vukotic's alleged conduct, rather than the conduct of other drivers. Again, Vukotic did not introduce evidence, cross-examine Ofc. Kashi regarding prior traffic citations, or explain what information these citations may include that would be pertinent to his defense in this case.

{¶ 20} In sum, Vukotic has not demonstrated that the City deprived him of the information necessary for a full and fair adjudication of the facts, in accord with the purpose of Crim.R. 16. *See Fayne*, 2015-Ohio-1378, at ¶ 9. We cannot say that further information as to Ofc. Kashi's qualifications and service was required to evaluate his simple, naked-eye observations that Vukotic failed to keep his car in a single lane and was using his phone while driving.

{¶ 21} We lastly find no merit in Vukotic's argument that the City's disclosures were untimely and that he was prejudiced thereby. Vukotic maintains

---

[3] The Ohio Peace Officer Training Academy publishes current and former peace officer training records online.

that the court should have applied discovery timelines in the Rules of Civil Procedure. We acknowledge that, in certain circumstances, Crim.R. 57(B) requires courts to "look to the rules of civil procedure . . . if no rule of criminal procedure exists." The court did not err in not doing so here. Again, Crim.R. 16 addresses discovery in criminal cases, and Vukotic has raised no issue that the rule fails to contemplate. Further, it appears from Vukotic's motions to dismiss that the City's production in response to Vukotic's discovery requests amounted to five pages, provided the week before trial. Given the simple nature of this case, we cannot say that the timing of this disclosure left Vukotic inadequate time to prepare or otherwise prejudiced his defense.

{¶ 22} The court did not err by not ordering the City to provide Vukotic additional information in discovery. Accordingly, assignments of error Nos. 3, 4, 5, 6, 8, 9, 10, and 11 are overruled.

### B. Assignments of Error Nos. 1, 7, and 12 — The Trial Court did not err in Denying Vukotic's Motions to Dismiss

{¶ 23} Vukotic asserts that the court erred in denying both of his motions to dismiss, which were based on his claim that the City withheld information in response to his discovery requests. "[A] trial court may dismiss an indictment with prejudice as an appropriate sanction for the State's failure to comply with a discovery request." *State v. Simmons*, 2008-Ohio-682, ¶ 14 (8th Dist.). However, as discussed above, Vukotic has not demonstrated that the City failed to comply with his discovery requests.

{¶ 24} Accordingly, assignments of error Nos. 1, 7, and 12 are overruled.

## C. Assignment of Error No. 2 — Vukotic has not Identified an Erroneously Granted Continuance

{¶ 25} Vukotic asserts that the court erred in granting the City a continuance, at a time and in a manner that he does not specify. The lower court docket does not reflect that the court continued this case at the City's request. In fact, it appears that Vukotic sought the only continuance of this case, which the court granted, rescheduling his pretrial hearing from November 18, 2024, to December 16, 2024.

{¶ 26} To the extent that Vukotic contests the court's decision to set his trial for January 6, 2025, we find no error. A trial court has the discretion to schedule and continue hearings. *Calhoun v. Calhoun*, 2010-Ohio-2347, ¶ 24 (8th Dist.). In so doing, "[t]he trial court must balance its own interests of maintaining its docket with the potential prejudice to the parties." *Id*. We find no merit in Vukotic's suggestion that the court should have tried this case on December 16, 2024, immediately after the pretrial hearing. Doing so would have prejudiced the City, because the record does not indicate that its only witness — Ofc. Kashi — was present in court that day. Further, during the pretrial hearing, Vukotic did not object to his trial date.

{¶ 27} Accordingly, assignment of error No. 2 is overruled.

## D. Assignments of Error Nos. 13 and 14 — The Trial Court did not err in Permitting Ofc. Kashi to Testify

{¶ 28} Vukotic asserts that the court should have excluded Ofc. Kashi's testimony because of the City's purported failure to provide discovery. Also, Vukotic

asserts that Ofc. Kashi's testimony should have been excluded because, citing Crim.R. 16(K), the City did not provide a report summarizing it.

{¶ 29} We acknowledge that "[a] court may sanction a party for failing to comply with a discovery order by excluding evidence." *State ex. Rel. Dewine v. ARCO Recycling, Inc.*, 2022-Ohio-1758, ¶ 54 (8th Dist.). Again, however, Vukotic has not identified any failure to provide discovery that would support precluding Ofc. Kashi from testifying.

{¶ 30} The City was not required to provide a report concerning Ofc. Kashi's testimony because he did not testify as an expert. Crim.R. 16(K) states that "[a]n expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications." In relevant part, Ohio Evid.R. 702 states that "a witness may testify as an expert" if "[t]he witness' testimony is based on reliable scientific, technical, or other specialized information and the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." *Compare with* Evid.R. 602, stating that "subject to the provisions of Rule 702," a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Ofc. Kashi testified about his firsthand observations of Vukotic's driving and phone use. He did not offer an expert opinion.

{¶ 31} For the reasons above, the court did not err by allowing the City to introduce Ofc. Kashi's testimony, which did not require an expert report. Accordingly, assignments of error Nos. 13 and 14 are overruled.

### E. Assignment of Error No. 15 — Defendant's Conviction was Supported by Sufficient Evidence and not Against the Manifest Weight of the Evidence

{¶ 32} Vukotic asserts that the trial court "erred by finding [him] guilty on both counts." Whether Vukotic intended this assignment of error to challenge the sufficiency or the manifest weight of the evidence is not clear. So, although the terms "sufficiency and "weight" of the evidence are "quantitatively and qualitatively different," we address these related issues together, while applying distinct standards of review. *See State v. Perry*, 2018-Ohio-487, ¶ 10 (8th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

### 1. Sufficiency of the Evidence

{¶ 33} "A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law." *State v. Parker*, 2022-Ohio-1237, ¶ 7 (8th Dist.), citing *Thompkins* at 386. The relevant inquiry in a sufficiency challenge is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime existed beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 34} When making a sufficiency determination, an appellate court does not review whether the prosecution's evidence is to be believed but whether, if

believed, the evidence admitted at trial supports the conviction. *State v. Starks*, 2009-Ohio-3375, ¶ 25 (8th Dist.), citing *Thompkins* at 386. Under a sufficiency challenge, witness credibility is immaterial.

{¶ 35} The City introduced sufficient evidence to support Vukotic's conviction for improper lane usage. Broadview Heights Mun.Code 432.08(A) states, in relevant part, that "[a] vehicle shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic . . . ." Ofc. Kashi testified that the tires of Vukotic's Chevy were "crossing over the solid line into the . . . lane towards the left" for "almost the whole way" between the post office and gas station. From this testimony, a rational factfinder could determine that Vukotic did not drive his vehicle within a single lane, as section 432.08(A) requires.

{¶ 36} The City also introduced sufficient evidence to support Vukotic's conviction for distracted driving. Broadview Heights Mun.Code 432.43 provides that "[n]o person shall operate a motor vehicle on any street, highway, or property open to the public for vehicular traffic while using, holding, or physically supporting with any part of the person's body an electronic wireless communications device." Ofc. Kashi testified that he saw Vukotic driving with "his head down" and that he "was on his phone." When Ofc. Kashi spoke to Vukotic in the gas station parking lot, Vukotic "apologiz[ed] that he was on his phone looking up . . . why the post office was closed that day." A rational factfinder could determine, based on this testimony, that Vukotic was, at a minimum, using an electronic wireless-communications device while operating a motor vehicle, as section 432.43 prohibits.

## 2. Manifest Weight of the Evidence

{¶ 37} In contrast to sufficiency, a manifest-weight-of-the-evidence challenge "addresses the evidence's effect of inducing belief," i.e., "whose evidence is more persuasive — the state's or the defendant's?" *State v. Wilson*, 2007-Ohio-2202, ¶ 25, citing *Thompkins*, 78 Ohio St.3d at 386-387. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, the Ohio Supreme Court recently explained that "[the] court looks at the entire record and "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"" *State v. Brown*, 2025-Ohio-2804, ¶ 30, quoting *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 38} At trial, the jury is in the "best position to view the witnesses and observe their demeanor, gestures, and voice inflections that are critical observations in determining the credibility of a witness and his or her testimony." *State v. Sheline*, 2019-Ohio-528, ¶ 100 (8th Dist.). Reversal on manifest-weight grounds is reserved for the "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *Martin* at 175.

{¶ 39} Vukotic's convictions were not against the manifest weight of the evidence. Vukotic called no witnesses and declined to testify. As such, nothing in the record indicates that his car's lane-assist technology prevented it from occupying

multiple lanes, as he argued on appeal. For the same reason, no evidence supports his claim that his phone was mounted to the Chevy's dashboard.

{¶ 40} Further, we cannot say that the factfinder lost its way in believing the testimony of the sole witness in this case. During cross-examination, Vukotic did not question Ofc. Kashi about his observations that the Chevy had occupied multiple lanes or that he used his phone while driving. We are not persuaded by Vukotic's argument that Ofc. Kashi's testimony should be entirely discredited because he could not remember why he noted in his citation that Vukotic had nearly caused a collision. That claim is ancillary to the elements of each offense for which Vukotic was convicted.

{¶ 41} Accordingly, assignment of error No. 15 is overruled.

{¶ 42} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)