[Cite as *Cleveland v. Johnson*, 2026-Ohio-739.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                         No. 115262

    v.                                   :

STEPHEN-E JOHNSON,                    :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 5, 2026

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2025-TRD-002740

---

***Appearances:***

Mark Griffin, Cleveland Director of Law, Aqueelah Jordan, Chief Prosecuting Attorney for City of Cleveland, and Aric Kinast, Assistant Prosecuting Attorney, *for appellee.*

Stephen-E Johnson, *pro se.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant Stephen-E Johnson ("Johnson"), pro se, appeals his minor-misdemeanor-traffic conviction for operating a vehicle too closely

after a bench trial in the Cleveland Municipal Court.  After careful review of the record, we reverse and remand.

## I.  Facts and Procedural History

{¶ 2}  On February 15, 2025, Johnson was cited by Deputy Christopher Holmes ("Deputy Holmes") of the Cuyahoga County Sheriff's Department for operating a vehicle too closely in violation of R.C. 4511.34, which is titled "space between moving vehicles."  It is a minor-misdemeanor-traffic offense.  Johnson was arraigned on April 16, 2025.  He proceeded pro se.  He pled not guilty and a trial date of April 30, 2025, was set.

{¶ 3}  In the interim, on February 25, 2025, Johnson filed an affidavit alleging lack of evidence to prove the traffic violation.  In addition, on April 23, 2025, he filed a motion titled, "Objection.  Demand for Evidence of an Injury in Fact."

{¶ 4}  On April 30, 2025, the first trial date, Johnson advised the court that he was making a "special appearance" and did not "want to waive any of [his] rights or any contracts with the court."  (Tr. 4.)  He then made an oral motion to dismiss the case for lack of evidence.  Johnson also requested "the full names of the agents who pulled [him] over."  (Tr. 8.)  The trial court addressed Johnson's motions, construing his "Objection.  Demand for Evidence of an Injury in Fact" as a motion for discovery pursuant to Crim.R. 16.  The court denied Johnson's oral motion to dismiss but continued the trial date to May 20, 2025, for plaintiff-appellee the City of Cleveland ("the City") to provide discovery to Johnson, which would include the witnesses names.  The City requested an email address from Johnson to provide

discovery. The trial court explained that the videos needed to be electronically delivered via email. It is unclear from the record whether the videos were dashcam videos and/or bodycam videos. Then the City provided an email address to Johnson with instructions for him to send the City an email.

{¶ 5} Thereafter, Johnson filed multiple motions to compel discovery, requests for production of documents, requests for admissions, interrogatories, and a motion to dismiss. In these filings, Johnson specifically requested any photographs, reports, records, statements, names of witnesses, dashcam and bodycam videos. He did not, however, provide an email address to the City to obtain discovery. He did provide a post office box address.

{¶ 6} On May 20, 2025, the second trial date, the court addressed Johnson's pending motions prior to trial. Johnson explained to the court that he did not provide an email address to the City because the City did not answer Johnson's interrogatories. In addition, Johnson explained that he was weary to provide his email address when the municipal court's website had recently experienced a cyberattack. Therefore, he said he changed his mind and wanted the discovery mailed to him; however, he never informed the City of this change. The trial court denied Johnson's motion to dismiss for lack of discovery stating that "[Johnson] had agreed to receive the evidence by means of an email. [Johnson] changed [his] mind without notifying [the City] so now the procedures are delayed. Officers are appearing, wasting taxpayers' money so [Johnson's] argument [motion] is denied. We're ready to proceed." (Tr. 16.) In addition, the trial court denied

Johnson's request for written answers to Johnson's interrogatories and request for admissions, stating "[t]hat argument is denied." (Tr. 15.) Although the trial court indicated that Johnson could view the videos prior to trial, it does not appear that happened. The matter proceeded to trial over Johnson's objections.

{¶ 7} The City called Deputy Holmes to testify first. Deputy Holmes testified that on February 15, 2025, he was on patrol with Deputy Joshua Morales ("Deputy Morales") when he observed Johnson's vehicle traveling westbound on Interstate 90 in Cleveland, Ohio. He testified that he witnessed Johnson's vehicle "following extremely close" to a white van, forcing the white van to move to the middle lane. (Tr. 25.) After the white van changed lanes, Johnson's vehicle "was riding another vehicle in front of him until it exited off of Waterloo Road." (Tr. 25.) Then the deputies activated their overhead lights and pulled Johnson over, citing him for following too closely. Deputy Holmes further explained that Johnson was "[p]retty close to the bumper, where it actually appeared that the driver [of the white van] was very uncomfortable, forced [the white van] to the middle lane." (Tr. 25.)

{¶ 8} Deputy Morales testified next. He explained that they were en route back downtown when they noticed Johnson's vehicle "hugging the rear end of another vehicle." (Tr. 28.) He testified that Johnson was "following way to closely." (Tr. 28.) He testified that another driver moved left trying to get out of Johnson's way. Deputy Morales testified that Johnson's vehicle was "about two or three feet from the bumper of the vehicle, swerving back and forth, as if [Johnson] was attempting to try to go around the vehicle or try to push his way around." (Tr. 29.)

{¶ 9} Johnson declined to cross-examine either witness and did not present any evidence or testimony on his behalf, other than requesting that his numerous filings be admitted into evidence. Johnson did renew his objection to the deputies' testimony noting for the record that the dashcam video was not provided.

{¶ 10} After closing arguments, the trial court found Johnson guilty and proceeded to sentence Johnson to a fine of $75.00 and court costs. Thereafter, Johnson filed an injunction to stay execution of sentence and a motion to vacate conviction attaching numerous exhibits and affidavits.

{¶ 11} Johnson appeals raising the following assignments of error for review:

**Assignment of Error I:** The trial court erred by presiding over proceedings and entering judgment without a valid oath of office on file, rendering the judgment void.

**Assignment of Error II:** The trial court erred by denying [Johnson's] discovery rights under Crim.R. 16, violating due process under the Fifth Amendment.

**Assignment of Error III:** The trial court erred by allowing a surprise witness and testimony not disclosed prior to trial, constituting prosecutorial misconduct and denying [Johnson] a fair trial.

**Assignment of Error IV:** The conviction was entered without sufficient evidence to establish the elements of the offense beyond a reasonable doubt.

**Assignment of Error V:** The trial court erred in failing to rule on post-judgment motions filed May 27, 2025, depriving [Johnson] of meaningful appellate remedies.

## II. Law and Analysis

{¶ 12} In Johnson's first assignment of error, he argues that the trial court lacked jurisdiction to preside over his case because the judge did not file a copy of her oath of office with the Ohio Supreme Court pursuant to R.C. 3.23. Therefore, he argues his conviction is void. We find no merit to Johnson's argument.

{¶ 13} Johnson relies on R.C. 3.23 in support of his argument that the trial court did not have jurisdiction over him or his case. R.C. 3.23 states in pertinent part that

> [e]xcept for justices of the supreme court . . . each judge of a court of record shall take the oath of office on or before the first day of the judge's official term. The judge shall transmit a certificate of oath, signed by the person administering the oath, to the clerk of the respective court and shall transmit a copy of the certificate of oath to the supreme court. The certificate of oath shall state the term of office for that judge, including the beginning and ending dates of that term. If the certificate of oath is not transmitted to the clerk of the court within twenty days from the first day of the judge's official term, the judge is deemed to have refused to accept the office, and that office shall be considered vacant. The clerk of the court forthwith shall certify that fact to the governor and the governor shall fill the vacancy.

{¶ 14} Johnson does not point to any evidence in the record that the trial judge did not properly hold office, failed to take the oath of office, or failed to transmit a certificate of oath to the clerk of courts as prescribed by R.C. 3.23. Instead, Johnson submitted an unauthenticated, heavily redacted email allegedly from the Office of the Chief Legal Officer of the Ohio Supreme Court. The email appears to be in response to a Freedom of Information Act ("FOIA") request. What the request entailed is not clear from the response. Further, the requester/receiver's

name is redacted, as well as the first and last sentence of the email. The middle sentence suggests that the trial court judge did not provide a copy of her oath of office to the Ohio Supreme Court. Although the signature line suggests it is from the Office of the Chief Legal Officer of the Ohio Supreme Court, no name is included. We do not consider the email convincing; it has not been properly authenticated pursuant to Evid.R. 901, and it does not establish that the trial judge failed to take her oath and transmit it to the clerk of courts. Therefore, we find no merit to Johnson's argument that the trial judge did not take her oath of office and did not have jurisdiction to preside over his traffic case.

{¶ 15} Accordingly, Johnson's first assignment of error is overruled.

{¶ 16} In Johnson's second assignment of error, he asserts that his due-process rights were violated when the trial court denied Johnson's right to discovery under Crim.R. 16. We find merit to Johnson's argument.

{¶ 17} An appellate court reviews the trial court's ruling on discovery motions for abuse of discretion. *Broadview Hts. v. Vukotic*, 2025-Ohio-5855, ¶ 17 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 18} Under Crim.R. 16(L)(1), when it is brought to the attention of the trial court that a party has failed to comply with this discovery rule, the trial court may order or permit the discovery, order a continuance, prohibit the party from introducing the material not disclosed, or make any other order it deems just under

the circumstances. Additionally, "[t]he trial court specifically may regulate the time, place, and manner of a *pro se* defendant's access to any discoverable material not to exceed the scope of this rule." Crim.R. 16(L)(2).

{¶ 19} In the instant case, prior to the first trial date, Johnson filed a written demand for discovery in accordance with Crim.R. 16. The first trial date was continued for the City to provide discovery to Johnson. Thereafter, Johnson filed several motions to compel discovery. When the second trial date arrived, the City still had not provided discovery to Johnson. Nevertheless, the trial court attributed the City's failure to provide discovery to Johnson's decision not to provide an email address. The trial court then required Johnson to proceed to trial without discovery over Johnson's objection. We find that the trial court abused its discretion when it, in essence, sanctioned Johnson for the City's failure to provide discovery in accordance with Crim.R. 16.

{¶ 20} Crim.R. 16 governs discovery matters in criminal proceedings. The purpose of this rule is "to provide the parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system, the rights of defendants, and the well-being of witnesses, victims, and society at large." Crim.R. 16(A). Traf.R. 11(D), specifically allows a defendant to request discovery in accordance with Crim.R. 16.

{¶ 21} Crim.R. 16(B) addresses the prosecution's obligation to provide information upon a criminal defendant's request. It states:

Upon receipt of a written demand for discovery by the defendant . . . the prosecuting attorney *shall provide* copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provisions of this rule:

(1) Any written or *recorded statement* by the defendant[;]

(2) Criminal records of the defendant, a co-defendant, and the record of prior convictions that could be admissible under Rule 609 of the Ohio Rules of Evidence of a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal;

(3) Subject to divisions (D)(4) and (E) of this rule, all laboratory or hospital reports, books, papers, documents, photographs, tangible objects, buildings, or places;

(4) Subject to division (D)(4) and (E) of this rule, results of physical or mental examinations, experiments or scientific tests;

(5) *Any evidence favorable to the defendant and material to guilt or punishment*;

(6) *All reports from peace officers*, the Ohio State Highway Patrol, and federal law enforcement agents, provided however, that a document prepared by a person other than the witness testifying will not be considered to be the witness's prior statement for purposes of the cross examination of that particular witness under the Rules of Evidence unless explicitly adopted by the witness;

(7) Any written or recorded statement by a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal.

(Emphasis added.)  Crim.R. 16(B).  Furthermore, Crim.R. 16(I), which governs the

disclosure of witnesses, provides, "[e]ach party shall provide to opposing counsel a

*written* witness list, including names and addresses of any witness it intends to call

in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal." (Emphasis added.)

{¶ 22} Here, the record reflects that the City did not provide a written witness list, a copy of the videos, or any police reports as required by Crim.R. 16. Although Johnson was instructed to provide an email address to the City, and failed to do so, that does not relieve the City of its obligation to provide discovery to Johnson. The City has an affirmative duty to provide a defendant with discovery after written demand.[1] Crim.R. 16(B). To rule otherwise would negate the City's obligations under Crim.R. 16. Furthermore, forcing a defendant to go to trial without proper discovery denies the defendant of his Sixth Amendment right to present a defense. *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 4 (1987).

{¶ 23} In *Lakewood*, the defendant committed a discovery violation by failing to turn over his witness list to the city, and as a sanction, the trial court excluded the testimony of all the defendant's witnesses. *Id.* at 2. In reviewing the propriety of the sanction, the Ohio Supreme Court noted that the effect of the sanction was to deny the defendant his Sixth Amendment right to present a defense. *Id.* at 4. The Court held that a trial court must inquire into the circumstances surrounding a discovery violation, must balance the competing interests, and "must

---

[1] We note for the record that Johnson filed numerous unconventional documents that are not applicable to criminal cases, including requests for admissions and interrogatories. See Crim.R. 16 and Traf.R. 11. In addition, some of the information requested was not discoverable under the rules, including, but not limited to, the deputies dates of birth and tax identification numbers. Nevertheless, Johnson was entitled to the discovery as set forth in Crim.R. 16.

impose the least severe sanction that is consistent with the purpose of the rules of discovery." *Id*. at 5 and paragraph two of the syllabus.

{¶ 24} Then in *State v. Darmond*, 2013-Ohio-966, the Ohio Supreme Court stated that "trials are to be conducted on a level playing field and Crim.R. 16's requirement that remedies for discovery violations apply to the defense and the prosecution equally." *Id*. at ¶ 4. The Court delineated the factors that a trial court must consider in crafting an appropriate discovery sanction or remedy in response to a discovery violation, which includes whether the violation was willful, whether the review of the undisclosed materials would have benefited the defendant in preparation for trial, and whether the defendant was prejudiced by the violation. *Id*. at ¶ 35, citing *State v. Parson*, 6 Ohio St.3d 442 (1983), at syllabus. The Court also noted that the criminal rules exist to remove gamesmanship in trials and to "'prevent surprise and the secreting of evidence favorable to one party.'" *Id*. at ¶ 35, quoting *Lakewood* at 3.

{¶ 25} In the instant case, the City violated Crim.R. 16 by not providing discovery to Johnson regardless of whether he provided an email address. Johnson provided a post office box address, which is sufficient to receive discovery. By proceeding to trial when Johnson was not provided with discovery, in essence, Johnson was sanctioned for the City's discovery violation. Furthermore, Johnson was denied the opportunity to present a defense in violation of the Sixth Amendment. This can hardly be called "a level playing field." Therefore, we find that the trial court abused its discretion by not compelling the City to provide

discovery in accordance with Crim.R. 16 and by proceeding to trial when Johnson had not received discovery.

{¶ 26} Accordingly, Johnson's second assignment of error is sustained.

{¶ 27} Because our resolution of the second assignment of error is dispositive, the remaining assignments of error are moot.

{¶ 28} Reversed and remanded.

It is ordered that appellant to recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR