[Cite as *State v. Jones*, 2026-Ohio-1555.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,             :

                                 No. 115378

    v.                                     :

NATHAN JONES, III,                          :

    Defendant-Appellant.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 30, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-24-692151-A and CR-24-688618-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora C. Bryan, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Timothy Farrell Sweeney and Timothy F. Sweeney, *for appellant.*

---

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Nathan Jones, III, appeals from the judgment of conviction in Cuyahoga C.P. No. CR-24-692151-A, challenging his conviction for

the firearm specifications accompanying the charges under Counts 1, 2, and 3 of the indictment. Upon review, we affirm.[1]

{¶ 2} In the case before us, Jones was charged on May 24, 2024, under a nine-count indictment with two counts each of rape and kidnapping and one count each of attempted rape, gross sexual imposition, aggravated burglary, abduction, and intimidation of an attorney, victim, or witness in a criminal case, along with attendant firearm specifications on several counts. Jones pleaded not guilty to the charges, and the case proceeded to a bench trial in June 2025.

{¶ 3} At trial, the victim testified to events that occurred on July 20, 2023. According to the victim's testimony, after arriving home from work that morning, she heard a knock at her back door and opened the door. A masked man pointed a firearm at her, pulled her out to the porch, forced her to the ground, put a gun to her head during the scuffle, and said, "Bitch, if you don't stop, I'm gonna shoot." After the man tied the victim's hands behind her back with zip ties and covered her mouth and eyes with duct tape, he escorted the victim to a vehicle and took her directly to another location that was 10 to 15 minutes away and smelled to her like an abandoned house. The victim testified that she was forced to perform oral sex on the man multiple times and that he also attempted to vaginally rape her. The man

---

[1] Although appellant's notice of appeal also includes the judgment entry in Cuyahoga C.P. No. CR-24-688618-A, appellant does not raise any specific challenges pertaining to that case. As appellant states in his brief, his assignments of error only pertain to Cuyahoga C.P. No. CR-24-692151. Accordingly, we find the appeal from Cuyahoga C.P. No. CR-24-688618 is moot.

then took the victim back to the vehicle and then to a vacant field. The victim testified to additional details surrounding the incident, there was DNA evidence linking Jones to the criminal conduct, other testimony and evidence were provided against Jones, and Jones testified in his own defense.

{¶ 4} The trial court found Jones guilty of all counts and firearm specifications. Following merger of the one-year firearm specifications into the three-year firearm specifications for Counts 1, 2, 3, 5, and 6, as well as the merger of Counts 7 and 8 into Count 6, the trial court sentenced Jones on each of the remaining counts and firearm specifications, with a total aggregate prison term of 26 to 31.5 years imposed. The trial court also imposed five years of mandatory post-release control and determined Jones to be a Tier III sex offender/child offender registrant. This appeal followed.

{¶ 5} Jones raises two assignments of error on appeal, under which he challenges his conviction for the firearm specifications attached to Counts 1 and 3 for rape and Count 2 for attempted rape. Jones claims that those firearm specifications are not supported by sufficient evidence and are against the manifest weight of the evidence. He does not otherwise challenge his convictions in this matter, and the evidence against him was compelling.

{¶ 6} We recognize that a sufficiency challenge and a manifest-weight-of-the-evidence challenge present different standards of review. When considering a challenge to the sufficiency of the evidence, we review the evidence admitted at trial and determine "whether such evidence, if believed, would convince the average

mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "A verdict should not be disturbed on appeal unless reasonable minds could not reach the trier of fact's conclusion." *State v. Jordan*, 2023-Ohio-3800, ¶ 16, citing *State v. Montgomery*, 2016-Ohio-5487, ¶ 74.

{¶ 7} When considering a manifest-weight-of-the-evidence challenge, this court, sitting as the "thirteenth juror," reviews the entire record and "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). A manifest-weight challenge should be sustained "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at 175.

{¶ 8} R.C. 2941.141(A) governs the one-year firearm specification and requires the State to prove that "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense." R.C. 2941.145(A) governs the three-year firearm specification and requires the State to prove that "the offender had a firearm on or about the offender's person or under

the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."

{¶ 9} Under his sufficiency challenge, Jones argues the State presented sufficient proof only as to the firearm specifications for the offenses that occurred at the victim's home, but not as to the firearm specifications attached to the offenses that occurred at the other location to which the victim was taken. Jones acknowledges the victim testified that the masked man had a firearm on him when he pulled her outside her home to the porch and that during the struggle, the man stated, "Bitch, if you don't stop, I'm gonna shoot." Nevertheless, Jones argues that it was only after the victim was forced into a vehicle and driven 10 to 15 minutes away to another location that the rape offenses and attempted-rape offense are said to have occurred. According to Jones's argument, because the victim's testimony was that her hands were bound with zip ties and her eyes were covered with duct tape, there was no need for any firearm in order to compel the victim's compliance with his demands. Additionally, Jones contends that because there is no evidence that the gun was ever mentioned or displayed again or to show that he had the gun in his possession after leaving the victim's home, the evidence was insufficient to show that he had a firearm in his possession or under his control "while committing" the particular offenses at the abandoned house.

{¶ 10} However, the trial court, as the trier of fact, was permitted to make reasonable inferences from the evidence in this case. "Circumstantial evidence and

direct evidence inherently possess the same probative value, and it is within the province of the factfinder to draw reasonable inferences from the evidence presented." (Cleaned up.) *State v. Shabazz*, 2016-Ohio-1055, ¶ 18. Additionally, the trier of fact is "free to believe or disbelieve all, part, or none of the testimony of the witnesses presented at trial." (Cleaned up.) *State v. Brown*, 2025-Ohio-5854, ¶ 44 (8th Dist.). The Supreme Court of Ohio has "[made] clear that an appellate court does not conduct proper sufficiency-of-the-evidence review if it turns a blind eye to circumstantial evidence in the record." *State v. Seymour*, 2026-Ohio-1249, ¶ 18.

{¶ 11} Arguably, in this case, Jones's initial brandishing of the firearm and his use of the firearm in threatening the victim permeates the entire course of conduct involved. Although the abduction was separate and distinct from the rape and attempted rape offenses, it could be reasonably inferred from the testimony that Jones's possession of the firearm was not limited to the victim's abduction and its use, at least in part, compelled her submission and facilitated the offenses that followed thereafter. Likewise, it could be reasonably inferred that the impact from brandishing the firearm and the threat to use it remained in play and was part of the rape and attempted rape of the victim. The trial court was free to believe all, some, or none of the testimony, and this was not a speculative inference. Further, a rational trier of fact could reasonably infer from the circumstantial evidence presented that Jones had the firearm in his possession and under his control throughout the entire course of violent criminal conduct committed against the

victim. Indeed, if the State's continuous timeline is believed, it would be reasonable to infer that Jones took the victim directly from her home to the location where the sexual assault occurred, and it also would be reasonable to infer that Jones still had the gun on or about his person or under his control at the time he committed the rape and attempted rape offenses. Under the circumstances presented, the trier of fact was permitted to make such reasonable inferences from the evidence. *See State v. Friess*, 2023-Ohio-3409, ¶ 137 (6th Dist.) (finding it reasonable to infer a defendant took a victim directly from an ATM to the place she was murdered and still had a gun on or about his person or under his control). Accordingly, after viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the firearm specifications attached to those charges were proven beyond a reasonable doubt.

{¶ 12} Under his manifest-weight challenge, Jones incorporates the same assertions he makes under his first assignment of error. He argues that there was only a single sighting and reference to the firearm at the victim's home, the victim testified to a single threat being made at her home, and there is no further mention of the gun or evidence that Jones possessed any firearm at the abandoned house or that he used, displayed, or brandished any firearm at that location. Here again, the trial court was permitted to make reasonable inferences from the direct and circumstantial evidence provided and was free to believe or disbelieve the testimony provided. After carefully reviewing the entire record and the credibility of the witnesses and weighing the evidence and all reasonable inferences, we do not find

that the trier of fact clearly lost its way or that this is the exceptional case in which the evidence weighs heavily against the conviction.

{¶ 13} Upon our review of the record, and after applying the relevant standards herein, we find that Jones's conviction for the challenged firearm specifications is supported by sufficient evidence and is not against the manifest weight of the evidence. We are not persuaded by his arguments otherwise. Accordingly, the assignments of error are overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
LISA B. FORBES, P.J., DISSENTS (WITH SEPARATE OPINION)

LISA B. FORBES, P.J., DISSENTING:

{¶ 15} Respectfully, I dissent. I would find that the State did not present sufficient evidence to support the court's findings of guilt against Jones on the one- and three-year firearm specifications associated with Counts 1 (rape), 2 (attempted rape), and 3 (rape) of the indictment. Consequently, I would sustain Jones's first assignment of error.

{¶ 16} "A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law." *State v. Parker*, 2022-Ohio-1237, ¶ 7 (8th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry in a sufficiency challenge is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime existed beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. When making a sufficiency determination, an appellate court does not review whether the prosecution's evidence is to be believed but whether, if believed, the evidence admitted at trial supports the conviction. *State v. Starks*, 2009-Ohio-3375, ¶ 25 (8th Dist.), citing *Thompkins* at 386.

{¶ 17} As noted by the majority opinion, a one-year firearm specification under R.C. 2941.141(A) requires the State to prove that "the offender has a firearm on or about the offender's person or under the offender's control *while committing the offense*." (Emphasis added.) A three-year firearm specification under R.C. 2941.145(A) requires the State to prove that "the offender had a firearm on or

about the offender's person or under the offender's control *while committing the offense* and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm or used it to facilitate the offense." (Emphasis added.)

{¶ 18} After the victim was abducted from her home at gunpoint, she was put into a vehicle and driven to a location approximately 15 minutes from her home. After the car came to a stop, Jones escorted the victim into a new location that she described as an abandoned house, based on the smell. The victim testified that her eyes were covered the entire time she was in the abandoned house. Consequently, she did not testify that she saw a firearm inside the abandoned house. She did not testify that she felt a firearm or heard a firearm while in the abandoned house. Despite extensive testimony from the victim describing the ordeal she endured, she never testified that Jones indicated that he had the firearm in his possession or control while committing the offenses of rape and attempted rape in the abandoned house.

{¶ 19} I agree with the majority that the testimony from the victim did prove that Jones had a firearm on his person and brandished it and used it while committing other offenses for which he was found guilty, such as kidnapping and aggravated burglary. However, I disagree with the majority opinion's conclusion that that evidence, coupled with the timeline, is sufficient circumstantial evidence to support the one- and three-year gun specifications associated with the rape and attempted rape charges.

{¶ 20} The majority opinion ignores the possibility that, given the absence of evidence on this question fact, it would be reasonable to infer that Jones no longer had the gun with him at the time of the rapes and attempted rape, having, for example, left the gun in the car upon arriving at the abandoned house. Indeed, in her testimony about what happened after leaving her home, the victim never mentioned a gun.

{¶ 21} I would, therefore, find that the State did not present sufficient evidence — proof beyond a reasonable doubt — that Jones had a firearm on or about his person or under his control while committing the offenses of rape and attempted rape as required to sustain his convictions for the one-year firearm specifications or that Jones displayed, brandished, indicated he possessed, or used the gun while committing the offenses of rape and attempted rape as required to sustain his convictions for the three-year firearm specifications. *See State v. Holmes*, 2009-Ohio-1241, ¶ 25 (8th Dist.), quoting R.C. 2941.141 (overturning conviction for three-year gun specification; "in the absence of evidence that defendant did 'display the weapon, brandish it, indicate that the offender possess it, or use it,' there is insufficient evidence to support the three-year firearm specification"); *State v. Thaler,* 2020-Ohio-827 (2d Dist.); *State v. Myrick,* 2011-Ohio-244, ¶ 85 (2d Dist.) (finding insufficient evidence to support conviction for three-year gun specification where defendant having the gun did not facilitate the underlying offense).

{¶ 22} Because I would sustain assignment of error No. 1, I would find assignment of error No. 2 regarding the manifest weight of the evidence to be moot.